```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

CILIAS MCKINLEY,

                Plaintiff,

           v.                           11 Civ. 7338 (DLC)

HECTOR MARTE, et al.,
                                        Conference
                Defendants.

------------------------------x
                                        New York, N.Y.
                                        February 16, 2012
                                        10:00 a.m.
Before:

         HON. DENISE COTE

                                        District Judge



         APPEARANCES


MICHAEL A. CARDOZO
     Corporation Counsel for the City of New York
     Attorney for Defendants
MAX O. McCANN
MELANIE SPEIGHT
   Assistant Corporation Counsel
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1              (Case called)

2              MR. McCANN:  Good morning, your Honor.  Max McCann of
3    the New York City Law Department.  Along with me is Melanie
4    Speight, Assistant Corporation Counsel.  Ms. Speight is not
5    admitted for the Southern District, but with your Honor's
6    permission she would like to participate in the conference
7    today.

8              THE COURT:  Yes.  Thank you.

9              Is anyone here on behalf of Mr. McKinley?  No one has
10   responded to that effect.  Thank you.  Why don't you be seated,
11   counsel, and let me put some matters on the record.

12             This is our initial conference in this case.  I sent
13   out a scheduling order for this conference on January 5th,
14   setting today, February 16th, as the date for the initial
15   conference.  We do not know whether the plaintiff has received
16   notice of this conference.  We expect he has not.  We recently
17   received as return mail, which was undelivered, the order
18   issued on January 4th, which affected the time to answer for
19   defendant Campbell and extended his time to answer to February
20   2nd.

21             My chambers spoke with defense counsel yesterday when
22   we received this piece of mail back and learned that the
23   plaintiff has been transferred.  We now understand what may be
24   a current mailing address for the plaintiff.  We will advise
25   the clerk of court of that change of mailing address and thank

1   the city for its assistance in getting us that information.  It
2   is of course the plaintiff's obligation to keep the clerk of
3   court informed as to any change in mailing address or
4   residence.
5          I'm going to ask the defendants to order a copy of the
6   transcript of today's conference and to provide a copy of that
7   to the plaintiff.  Will you do that, Ms. Speight?
8          MS. SPEIGHT:  Yes, your Honor.
9          THE COURT:  Thank you.
10         I want to advise the plaintiff through this transcript
11  again of his duty to provide the clerk of court with current
12  contact information and of course to provide that also to
13  defense counsel.  At some point if he fails to do so, he risks
14  this case being dismissed for failure to prosecute.
15         That preliminary statement having been made, I'll ask
16  you, Ms. Speight, to describe what you understand the core of
17  the plaintiff's complaint to be.
18         MS. SPEIGHT:  Your Honor, defendant's position is the
19  plaintiff is bringing an excessive force claim against six
20  members of the New York City Department of Correction.  He
21  alleges that on August 24th of 2011 he was involved in an
22  altercation with four officers -- Correction Officer Hall,
23  Correction Officer Wouyeah, Captain Marte, and Correction
24  Officer Urena -- in which the officers used excessive force by
25  means of punches and kicks towards the plaintiff.

1          He also alleges that he went to a hearing pertaining

2   to this alleged assault on August 31, 2011, and that at that

3   hearing he was assaulted by additional members of the New York

4   City Department of Correction, including several parties who

5   are not named specifically and are not parties to this action,

6   as well as defendants Atkinson, the John Doe defendant who has

7   been identified as Officer Campbell, and that's it, on the

8   31st.

9          THE COURT:  Have you been in communication with the

10  plaintiff?

11         MS. SPEIGHT:  We have not, your Honor.  We sent the

12  plaintiff correspondence to the address on the docket sheet.

13  When we learned of the plaintiff's likely transfer to a state

14  facility, we began mailing correspondence to both the address

15  on the docket sheet and the upstate facility.  We have not yet

16  received any return mail from either address.

17         THE COURT:  Thank you.  The plaintiff has made no

18  request for further assistance to identify the John Does

19  associated with the August 31 alleged assault?

20         MS. SPEIGHT:  To our knowledge, he has not, your

21  Honor.

22         THE COURT:  As part of the automatic disclosure that

23  will now be made to him, will those officers' names be clear on

24  the documents that are produced?

25         MS. SPEIGHT:  It is unclear at this time, your Honor.

1   There is an issue with the materials because all DOC force
2   instances require a use of force allegation packet, or a use of
3   force packet, if it is substantiated, is created.  In this
4   instance, since the events are recent, we have been informed by
5   the Department of Corrections that both investigations are
6   still ongoing, so we actually have not been able to obtain the
7   paperwork.
8           In fact, if it would be permissible to your Honor, we
9   would like to request a 60-day stay of discovery, including our
10  time to respond to the 33.2 request, so that hopefully the
11  investigations will be concluded and we will be able to obtain
12  that paperwork.  Based on the State Department of Corrections
13  website, that would also give time to the plaintiff to possibly
14  be released, as his conditional release date is listed as April
15  12th.
16          THE COURT:  It will become even more important that
17  the plaintiff keep the defendants and the clerk of court
18  advised of a mailing address and contact information if he is
19  released on April 12th or whenever he is released if he wishes
20  to pursue this lawsuit.
21          I will grant your request.  It sounds like it would be
22  impossible to proceed with discovery in this case until the
23  documents can be obtained that are critical to the plaintiff's
24  allegations.
25          I'm going to set a schedule that requires a status

1      letter from the defendants by April 27th.  In that letter I am

2      hoping to learn whether the investigation has been completed

3      such that the paperwork associated with an allegation by a

4      plaintiff that there has been an excessive use of force is now

5      available to Corp. Counsel and can be produced to the

6      plaintiff.

7              Of course, if you have already produced that

8      paperwork, you can advise me of that fact.  If the paperwork is

9      not yet available, I'd like a report in that letter as to when

10     the investigation is likely to be concluded and the paperwork

11     made available.

12             Using April 27th as a working date, I'm going to

13     assume that the material has been produced to the plaintiff by

14     that time, and that if he wishes to amend his pleading to add

15     additional officers, that must happen by June 1.  If there is

16     an amended complaint filed by June 1, I'll be issuing an order

17     requesting again that the Department of Corrections cooperate

18     with respect to service.

19             I'm going to assume, though, that meanwhile document

20     discovery is proceeding, and if the plaintiff wishes any

21     further documents than he has already received from the

22     defendants, that he has requested those in writing.  We will

23     provide the summer for an opportunity for the parties to take

24     any depositions if this litigation is proceeding and close fact

25     discovery September 14th.

1            It doesn't sound like there will be expert discovery
2    here.  There may be serious injuries in which expert discovery
3    would be appropriate, I do not know.  If the plaintiff wishes
4    an opportunity to provide expert testimony, he can write before
5    September 14th, and I'll revise the schedules to permit a
6    period for expert discovery as well.
7            I'm going to set a schedule for summary judgment
8    practice.  Any summary judgment motion should be filed by
9    October 12th, with opposition due November 16th and reply due
10   December 7th.  If there is no summary judgment motion, then the
11   plaintiff's statement of what he intends to prove at trial will
12   be due on October 26th and I'll set a schedule that will set
13   dates to follow for the defendants' submission.
14           I'm not going to refer this case right now to a
15   magistrate judge for settlement discussions.  I don't know
16   right now who our magistrate judge assigned to this case is.
17   But if this case proceeds, if the plaintiff is in communication
18   with the Court and defense counsel and discovery proceeds, I
19   will be referring it at some point to the magistrate judge for
20   settlement discussions.
21           I believe the magistrate judge is Judge Maas.  Now
22   that I have his name, assuming all goes as scheduled here, I'll
23   require defense counsel to coordinate with the plaintiff but to
24   call Magistrate Judge Maas no later than July 13 to arrange for
25   settlement discussions under his supervision.

1  Ms. Speight, is there anything else that we need to
2  do?
3  MR. McCANN:  If I may, your Honor, in the interests of
4  determining if the plaintiff is interested in pursuing this
5  litigation, we ask perhaps that the Court set a date certain by
6  which he is to update the docket sheet with his current
7  address, perhaps two weeks.
8  THE COURT:  You believe you have his current contact
9  information?
10  MR. McCANN:  That's correct, your Honor.
11  THE COURT:  I'm going to assume that it will take
12  roughly two weeks for a transcript to be created and two
13  further weeks for it to be provided to the plaintiff.  I'm
14  being a little generous in these dates here just so we give the
15  plaintiff enough time.  The plaintiff must provide the clerk of
16  court and the defendant by April 13th with his current contact
17  information or the case will be dismissed for failure to
18  prosecute.
19  MR. McCANN:  Nothing further from defendants.
20  THE COURT:  Let me address one issue.  If the
21  plaintiff does choose to pursue this lawsuit and participate in
22  discovery and if there are disputes between the plaintiff and
23  defendants regarding discovery, I'm advising all the parties,
24  the plaintiff and defense counsel, that they must be
25  cooperative in discussing those disputes with each other and

1   try to resolve them in good faith.  If after those
2   conversations or exchange of letters between each other they
3   still have a dispute that remains, they can send me a letter no
4   longer than two pages and I'll arrange to address the dispute.
5           Thank you.
6           (Adjourned)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25